OPINION *Page 2 
{¶ 1} On May 29, 2007, five of the legal owners of 173.444 acres of vacant land petitioned the Stark County Board of Commissioners to annex their land from Lexington Township to the City of Alliance.[1]
 {¶ 2} On August 7, 2007, a public hearing was held relative to the annexation. Lexington Township presented testimony from surrounding area property owners within the statutory one-half mile radius stating the detriments to their property, including an adverse financial impact, additional noise, traffic and stack emissions, air and water pollution and incompatible zoning changes.
 {¶ 3} Andrew L. Zumbar, City of Alliance Law Director and agent for the petitioners, testified in favor of the annexation of the territory. Zumbar testified relative to the benefits of annexation of the territory, including city government, sewer and water privileges, fire and police coverage, building, zoning and health departments, and economic development assistance available though community development block grants and the Urban Development Action Grant Revolving Loan Fund.
 {¶ 4} On August 16, 2007, the Stark County Board of Commissioners approved the annexation of the 173.44 acres of property to the City of Alliance, commonly known as the Thunder Hill-Quality Annexation.
 {¶ 5} The Lexington Township Trustees filed a notice of appeal with the Stark County Board of Commissioners on September 7, 2007. *Page 3 
 {¶ 6} On October 17, 2007, the Stark County Prosecutor's Office also filed a notice of appeal to the trial court, which was then consolidated with the Trustees appeal.
 {¶ 7} On December 20, 2007, the Stark County Court of Common Pleas affirmed the administrative decision of the Stark County Board of Commissioners.
 {¶ 8} Appellants now appeal, assigning as error:
 {¶ 9} "I. THE TRIAL COURT ERRED BY FINDING THAT THE APPROVAL OF THE ANNEXATION PETITION WAS SUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE ON THE WHOLE RECORD."
 {¶ 10} On appeal, this Court's review is governed by the language of R.C. 2506.04, which states:
 {¶ 11} "If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." *Page 4 
 {¶ 12} Appellants argue the Board failed to follow the statutory requirements of R.C. 709.033. The statute reads:
 {¶ 13} "(A) After the hearing on a petition for annexation, the board of county commissioners shall enter upon its journal a resolution granting the annexation if it finds, based upon a preponderance of the substantial, reliable, and probative evidence on the whole record, that each of the following conditions has been met:
 {¶ 14} "(1) The petition meets all the requirements set forth in, and was filed in the manner provided in, section 709.02 of the Revised Code.
 {¶ 15} "(2) The persons who signed the petition are owners of real estate located in the territory proposed to be annexed in the petition, and, as of the time the petition was filed with the board of county commissioners, the number of valid signatures on the petition constituted a majority of the owners of real estate in that territory.
 {¶ 16} "(3) The municipal corporation to which the territory is proposed to be annexed has complied with division (D) of section 709.03
of the Revised Code.
 {¶ 17} "(4) The territory proposed to be annexed is not unreasonably large.
 {¶ 18} "(5) On balance, the general good of the territory proposed to be annexed will be served, and the benefits to the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed and the surrounding area, if the annexation petition is granted. As used in division (A)(5) of this section, "surrounding area" means the territory within the unincorporated area of any township located one-half mile or less from any of the territory proposed to be annexed. *Page 5 
 {¶ 19} "(6) No street or highway will be divided or segmented by the boundary line between a township and the municipal corporation as to create a road maintenance problem, or, if a street or highway will be so divided or segmented, the municipal corporation has agreed, as a condition of the annexation, that it will assume the maintenance of that street or highway. For the purposes of this division, "street" or "highway" has the same meaning as in section 4511.01 of the Revised Code."
 {¶ 20} As stated by the trial court, relative to R.C. 709.033(5), the "general good" has been defined as including "both the desires of the property owners and the ability to provide adequate services to the proposed territory." Witschey v. Medina Cty. Bd. of Comm.2006-Ohio-5135. As such, the desires of the majority of the property owners is not enough to establish the "general good," but, rather, such desires must be coupled with a showing that the annexation city has the ability "to provide sufficient services for the health, safety, and welfare of the inhabitants of the territory seeking annexation." Id.
 {¶ 21} Section 709.032 provides:
 {¶ 22} "(A) As used in this section, "necessary party" means the municipal corporation to which annexation is proposed, each township any portion of which is included within the territory proposed for annexation, and the agent for the petitioners.
 {¶ 23} "* * *
 {¶ 24} "(C) Any person may appear in person or by attorney and, after being sworn, may support or contest the granting of the petition. Affidavits presented in support of or against the petition shall be considered by the board, but only if the affidavits are filed with the board and served as provided in the Rules of Civil Procedure upon the necessary parties to the annexation proceedings at least fifteen days before *Page 6 
the date of the hearing; provided that the board shall accept an affidavit after the fifteen-day period if the purpose of the affidavit is only to establish the affiant's authority to sign the petition on behalf of the entity for which the affiant signed. Necessary parties or their representatives are entitled to present evidence, examine and cross-examine witnesses, and comment on all evidence, including any affidavits presented to the board under this division."
 {¶ 25} As set forth above, Attorney Andrew Zumbar appeared on behalf of the petitioners presenting testimonial evidence relative to the benefits of annexation. Zumbar testified the property at issue would benefit because of the advantages afforded through the statutory municipal government structure. Specifically, the property would benefit from water and sewer privileges, professional fire and police services, and building, zoning and health departments.
 {¶ 26} Accordingly, we do not find the trial court erred as a matter of law when it found the decision of the Stark County Board of Commissioners was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. There was ample evidence presented at the hearing in this matter demonstrating on balance, the general good of the territory proposed to be annexed will be served, and the benefits outweigh the detriments to the territory and the surrounding area. *Page 7 
 {¶ 27} The December 20, 2007 Judgment Entry of the Stark County Court of
Common Pleas is affirmed.
 Hoffman, P.J., Gwin, J. and Delaney, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the December 20, 2007 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] There are seven legal landowners of the land at issue. However, the State of Ohio and Pennsylvania Lines, LLC. are not statutorily considered owners for the purpose of annexation proceedings. *Page 1